JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHOIE PEREZ,<br><br>           Plaintiff,<br><br>     v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>           Defendants. | ) NO. CV 23-03381-SVW (AS)<br>)<br>)<br>) **ORDER STRIKING NOTICE OF REMOVAL**<br>)<br>) **AND RELATED DOCUMENTS AND**<br>)<br>) **REMANDING MATTER TO STATE COURT**<br>)<br>) **(Dkt. Nos. 20-22)** |

On June 3, 2022, Plaintiff Zhoie Perez, proceeding through counsel, filed a complaint in Los Angeles County Superior Court case no. 22STCV18378 ("State Case") against defendants MMR Center, Inc., Green Angels and Tony Santillan (collectively "MMR defendants") as well as Does 1-50. (Docket ("Dkt.") No. 20, Exh. A). The State Case complaint raises six state law causes of action related to an incident that allegedly occurred on June 3, 2021: (1) assault and battery; (2) negligence; (3) violation of the Ralph Civil Rights Act, Cal. Civ. Code § 51.7; (4) violation of the Bane Civil Rights Act, Cal. Civ. Code § 52.1; (5) violation of the Unruh Civil Rights Act, Cal. Civ. Code §§ 51-52; and (6) false imprisonment. (Id.).

On May 3, 2023, Plaintiff paid the filing fee and filed her Complaint in this action raising First and Fourth Amendment claims against the City of Los Angeles and several police officers (collectively "City defendants") related to the June 3, 2021 incident ("Federal Case"). (Docket ("Dkt.") No. 1). The City defendants answered the Complaint on May 30, 2023. (Dkt. Nos. 9-13).

On November 6, 2023, the MMR defendants filed in the Federal Case a Notice of Removal that attempts to remove the State Case and consolidate it into the existing Federal Case. (Dkt. No. 20). The MMR defendants assert that removal is proper because this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. (Id.). However, the Court concludes the State Case was not properly removed to federal court.

Initially, the Notice of Removal is procedurally improper. "As a procedural matter, a litigant may not properly remove a state court case 'into' an existing federal case as [the MMR defendants are] attempt[ing] to do here. Instead, the litigant must comply with the procedures of the removal statutes and pursue consolidation thereafter." Alcoser v. Ford, 2022 WL 4078564, *2 (5th Cir. 2022) (footnote omitted), cert. denied, 143 S. Ct. 752 (2023); see also Gilliam v. Austin, 2002 WL 1034115, *4 (N.D. Cal. 2002) ("[T]he notice of removal is the means of removing a case from state court to federal district court, where it is viewed as a 'new' case and is assigned a 'new' case number[.] . . . A case cannot be removed from state court to become part of an already existing federal case."); Paralee Boyd Salon LLC v. COG Studio, LLC, 2016 WL 5388911, *1 (E.D. Mich. 2016)

("The Notice of Removal was improperly filed. This is because a case cannot be removed from state court to become part of an already existing federal case."), appeal dismissed by, 2017 WL 4863251 (6th Cir. 2017).

Additionally, removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. "Removal and subject matter jurisdiction statutes are 'strictly construed,' and a 'defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.'" Hawaii ex rel. Louie v. HSBC Bank Nev., N.A., 761 F.3d 1027, 1034 (9th Cir. 2014) (citation omitted); Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).

Here, the MMR defendants allege that removal of the State Case is proper based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, the MMR defendants have not met their burden of demonstrating federal question jurisdiction exists.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc., 482 U.S. at 392; City of Oakland v. BP PLC, 969 F.3d 895, 904 (9th Cir. 2020), cert. denied, 141 S. Ct. 2776 (2021). Here, as set forth above, the State Case complaint raises only state law claims. (Dkt. No. 20, Exh. A).

Furthermore, neither of the exceptions to the well-pleaded complaint rule apply. See City of Oakland, 969 F.3d at 906 ("Under the well-pleaded-complaint rule, the district court lacked federal-question jurisdiction unless one of the two exceptions to the well-pleaded-complaint rule applies."). First, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn v. Minton, 568 U.S. 251, 258 (2013). That is not the case here. There is simply no indication – and the Notice of Removal does not suggest – that any of the State Case claims fit within the "'special and small category' of state-law claims that arise under federal law for purposes of § 1331 'because federal law is a necessary element of the . . . claim for relief.'" City of Oakland, 969 F.3d at 904 (quoting Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677,

699 (2006); some internal quotation marks omitted). Likewise, while "[c]omplete preemption is an exception to the well-pleaded complaint rule[,]" Saldana v. Glenhaven Healthcare LLC, 27 F.4th 679, 686 (9th Cir.), cert. denied, 143 S. Ct. 444 (2022), it is inapplicable here. See City of Oakland, 969 F.3d at 906 ("[C]omplete preemption for purposes of federal jurisdiction under § 1331 exists when Congress: (1) intended to displace a state-law cause of action, and (2) provided a substitute cause of action."). Accordingly, since the State Case raises only state law claims and no exception to the well-pleaded complaint rule applies, there is no federal question jurisdiction over the State Case.

The MMR defendants also assert that removal is proper based on the supplemental jurisdiction statute, 28 U.S.C. § 1367. (Dkt. No. 20 at 3). Their argument appears to be that since the Court has federal question jurisdiction over the Federal Case, and since the Federal Case and State Case relate to the same incident, the State Case can be removed to federal court and this Court can assert supplemental jurisdiction over the State Case. (Id.). This is incorrect. "That a related case [is] pending in federal court [is] not in itself sufficient grounds for removal under 28 U.S.C. § 1441." Fabricus v. Freeman, 466 F.2d 689, 693 (7th Cir. 1972); see also Wescom Credit Union v. Dudley, 2010 WL 4916578, *3 (C.D. Cal. 2010) (The supplemental jurisdiction "statute does not authorize supplemental jurisdiction over free-standing state law claims that are related to a *separate* action over which the court has jurisdiction." (italics in original)); Jalon v. Bank of Am., 2023 WL 6429607, *3 (E.D. Pa. 2023) ("[A]n 'already-existing federal action cannot provide the mechanism for

5

removal of a non-removable state court action.'" (citations omitted)). A "'court must have jurisdiction over a case or controversy before it may assert jurisdiction over [supplemental] claims.'" [Supplemental] jurisdiction, therefore, cannot provide the original jurisdiction that petitioners must show in order to qualify for removal under § 1441." Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 34 (2002) (citation omitted); see also Halmekangas v. State Farm Fire & Cas. Co., 603 F.3d 290, 294 (5th Cir. 2010) ("No federal court had original jurisdiction over the ANPAC action, and § 1367, by its own terms, cannot fill the void. Section 1367 grants 'supplemental jurisdiction' over state claims, not original jurisdiction."); Motion Control Corp. v. SICK, Inc., 354 F.3d 702, 706 (8th Cir. 2003) ("[A]ncillary jurisdiction does not authorize removal under § 1441. Section 1441(a) provides that removal is only proper where the federal district court has 'original jurisdiction' over the state court case. Ancillary jurisdiction is not original jurisdiction. . . ."); Ahearn v. Charter Twp. of Bloomfield, 100 F.3d 451, 456 (6th Cir. 1996) ("The supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction, and a removal petition therefore may not base subject-matter jurisdiction on the supplemental-jurisdiction statute, even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction, and even if removal would be efficient." (citations omitted)); Port Auth. of N.Y. & N.J. v. Allianz Ins. Co., 443 F. Supp. 2d 548, 555 (S.D. N.Y. 2006) ("[S]upplemental jurisdiction cannot supply the original jurisdiction needed to remove a state court complaint under 28 U.S.C. § 1441(a) – 'even if the action which a defendant seeks to remove is related to another action over which the federal district court already

has subject-matter jurisdiction, and even if removal would be efficient.'" (citation omitted)); Ogaz v. Honeywell Int'l, Inc., 2021 WL 2822400, *4 (C.D. Cal. 2021) ("Where, as in this case, a plaintiff files an action in state court with no federal question or diversity jurisdiction, the original jurisdiction necessary for removal under Section 1441 does not exist and the action cannot be removed. The supplemental jurisdiction statute, 28 U.S.C. § 1367, does not provide an independent source of original subject matter jurisdiction, and, thus, a removal petition alleging that a court has subject matter jurisdiction based on Section 1367 is improper, even if the removed action is related to another action over which the federal district court already has subject matter jurisdiction, and even if removal would be more efficient.").

For the reasons discussed herein, the Court strikes the Notice of Removal and the related documents (Dkt. Nos. 20-22) the MMR defendants improperly filed in this action. Additionally, because the Court lacks subject matter jurisdiction over the State Case, the Court remands the State Case to the Los Angeles County Superior Court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); Caterpillar, Inc., 482 U.S. at 399 ("Respondents' claims do not arise under federal law and therefore may not be removed to federal court.").

DATED: November 21, 2023

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE